UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

In Re:

John William Wagstaff, III            )

)

)

) Chapter 7 Case No: 12-34422-DOT

Debtor(s)

RICHMOND DIVISION
FILED JAN 2 2013 FILED
CLERK
U.S. BANKRUPTCY COURT

# DEBTOR'S MOTION TO COMPEL CHARLES KRUMBEIN OF KRUMBEIN& ASSOCIATES, PLLC TO DISGORGE ATTORNEY'S FEES

COMES NOW the Debtor in this matter, John William Wagstaff, III, and moves this Honorable Court to compel Charles Krumbein of Krumbein & Associates, PLLC to disgorge attorney's fees to Debtor, and in support thereof states as Follows:

1. The debtor voluntarily sought Chapter 7 relief on June 27, 2012.

2. According to the Statement of Attorney for Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2016(b) signed by Charles Krumbein, the debtor paid Krumbein & Associates, PLLC a retainer prior to the commencement of this case, the sum of $2104.00 in addition to the filing fee of $306, Credit Report fee of $30, and Credit Counseling fee of $24.

3. The initial Creditor's meeting was scheduled for September 4, 2012. Debtor attended the meeting as required. Debtor had supplied the attorney, Charles Krumbein, with the documents in question in July 2012 (except two bank statements from July that were not available as of 7/27/12). Charles Krumbein simply made no effort to get the documents to the trustee. Charles Krumbein failed to appear at this hearing and thus the hearing was adjourned until October 2, 2012.

4. The adjourned 341 hearing was held on October 2, 2012 at 2pm, Debtor again was present at the meeting. Charles Krumbein did attended the meeting. Charles Krumbein turned over a mass documents that had been in his possession for approximately three months. Charles Krumbein represented to Debtor that he was unable to get the documents to the trustee prior to this meeting due to his fax machine not working on the Friday prior to the meeting. Debtor offered to fax the documents for Charles Krumbein but Krumbein declined. Debtor believes this was just an excuse as it was the Friday prior to the adjourned meeting and Charles Krumbein had made no attempt to get the documents to the trustee beforehand as required. Since Charles Krumbein failed to get the documents to the trustee well in advance of the meeting, the trustee did not have the opportunity to exam the debtor and adjourned the hearing until October 29, 2012.

5. The court was closed on October 29, 2012 due to hurricane Sandy and the hearing rescheduled for November 20, 2012.

6. Debtor did not receive notice of rescheduled hearing for November 20, 2012 or the notice was lost. Debtor received an email approximately 7pm on November 19, 2012 from Paula Lutzky at Krumbein & Associates, PLLC. This was the first debtor had heard of a 341 meeting on November 20, 2012. Debtor was keeping his son, per Court Order, the day of November 20, 2012 picking up the child at 9am and returning the child at 3pm.

7. Debtor had requested a call from anyone at Krumbein & Associates, PLLC regarding the 341 hearing on November 20, 2012. Debtor never received a return call.

8. Debtor received the following message from Attorney Jason M. Krumbein who works at Krumbein Consumer Law. In this email Jason Krumbein indicates that he does not work for Charles Krumbein.

>     -----Original Message-----
>         From: Jason M. Krumbein [mailto:jkrumbein@krumbeinlaw.com]
>         Sent: Monday, November 19, 2012 8:03 PM
>         To: Paula Lutzky
>         Cc: vashowsinc@comcast.net; charlesh@krumbein.com
>         Subject: Re: Fwd: November 20 meeting
>
> Mr. Wagstaff-
>
> I am Charles Krumbein's son. I am also a lawyer. I will attempt to answer as many of your questions as
>     I can.

The court sent you a notice, a copy of which is attached. The document shows that the court mailed you a copy on November 3, to 11050 Branch Road, Glen Allen, VA 23059-4762.

I am sorry that you are upset. We will do what we can to expedite the hearing.
I understand that your wife is upset that you are taking your son to
this hearing. I am sorry. I think that her threats are without merit.
Would she ask for a show cause if you took him to a doctor's appointment?

I do not know why this is the first contact about this hearing. I do not work for Charles, I just cover when he is unavailable.

Charles is not in town. I will be appearing at the hearing. I am fully informed.

I understand that all of the documents were hand delivered to the trustee.

I am sorry you are upset. I cannot fix that.

A 341 hearing is a chance for the trustee to ask questions about your income, your assets, and your expenses. Most hearings go easily and quickly.

The reason we are having this hearing is for Mr. Phillips to ask more questions, in support of his theory that there is something that is wrong so that either he can administer (take and sell) an asset, or to object to the discharge. He asked for more time, and now if he wishes to object, he needs to have some evidence. He is attempting to gather the evidence.

While I cannot obtain the evidence, I believe this witch hunt may be because Charles is out of town.

The documents that were supposedly not delivered to the trustee were hand delivered to the trustee. His statement that he does not have them is . . . suspect. I do not know where they were, but I understand he has them all now.

I will try to call you tonight, but I do not know if I will be able to do so. IN any event, I will be at the hearing, and I will be prepared.

--
Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services, Inc.
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 office
804.303.0209 fax
JKrumbein@KrumbeinLaw.com e-mail

9. Debtor later received the following email from Jason Krumbein stating that he does not represent debtor and owes debtor no duties. Jason Krumbein also refused to arrange to have debtor's case called first due to having child that had to be returned at 3pm:

> -----Original Message-----
> From: Jason M. Krumbein [mailto:jkrumbein@krumbeinlaw.com]
> Sent: Tuesday, November 20, 2012 11:26 AM
> To: Bill Wagstaff
> Subject: RE: Fwd: November 20 meeting
>
> a- I will not speak to you, at the hearing or after. I am done with you. I don't represent you, and if you had come to me, I would have rejected your case. I owe you NO duties. I have tried to be nice, and you have made an effort to be panicky and abusive.
>
> b- You will be called in the order the cases are called. If you want to be called early or late, that is up to you to arrange.

10. On November 20, 2012 Debtor again appeared for the 341 hearing. Charles Krumbein (again) failed to appear for the 341 hearing on November 20, 2012 . At this point the debtor was informed by the trustee that his case would be certified for dismissal.

11. Charles Krumbein stated in the following two emails stating he no longer represents Debtor, will not call Debtor and will not file a Motion to Vacate Order of Dismissal and to Reinstate Case. Krumbein refuses to return calls or emails. s requests via email and fax, Krumbein has refused to turn over any documents and files belonging to debtor. Krumbein refused to file a Motion to Vacate Order of Dismissal and to Reinstate Case from November 21, 2012 - December 17, 2012. After nearly a month, Charles Krumbein finally entered a Motion to withdraw on 12/17/2012.

> **From:** Charles Krumbein [mailto:charlesh@krumbein.com]
> **Sent:** Wednesday, November 21, 2012 4:32 PM
> **To:** Bill Wagstaff
> **Subject:** Re: 341 Hearing
> **Importance:** High
>
> File the complaint Get a new lawyer
>
> This could have been and should have been an easy fix But you blew it.
>
> Good Luck
>
> **From:** Charles Krumbein [mailto:charlesh@krumbein.com]
> **Sent:** Wednesday, November 21, 2012 4:17 PM

**To:** Bill Wagstaff
**Subject:** Re: 341 Hearing
**Importance:** High

I will not call you.

You blew it.

12. Debtor successfully sought to vacate the Dismissal and reinstate the Bankruptcy Case due to the failure of Charles Krumbein to appear at multiple Creditor's Meetings.

13. Charles Krumbein has violated the following local rules:

### RULE 2090-1 ATTORNEYS - RIGHT TO PRACTICE BEFORE THE COURT

**(H) Appearance at All Proceedings:**

(1) Appearance by Counsel for the Debtor: Any attorney who is counsel of record for a debtor, or debtors, in a bankruptcy case must be present and appear at all Court proceedings involved in the case unless excused or given permission to withdraw, or unless counsel has filed a pleading stating that the debtor has no objection to, or does not oppose, the relief requested, or counsel has endorsed without objection an order resolving the motion, objection or application

### RULE 2090-1 ATTORNEYS – RIGHT TO PRACTICE BEFORE THE COURT

(2) **Appearance by Other Counsel of Record:** Any attorney who has filed a pleading in a bankruptcy case must be present and appear at all Court proceedings involving that pleading unless Counsel:

(a) has been excused by the Court;

(b) has been given permission to withdraw by order of the Court;

(c) has provided a notification of settlement in accordance with LBR 9013-1(O);

or

(d) has provided opposing or another counsel appearing at the initial pretrial conference with available dates so that a trial date can be established.

(I) **Professional Ethics:** The ethical standards relating to the practice of law in this Court shall

be the Virginia Rules of Professional Conduct now in force and as hereafter modified or supplemented.

14. Charles Krumbein is in violation of a number of Virginia Rules of Professional Conduct

15. Debtor has also incurred the following expense due to Charles Krumbein's failure to appear before the Court as scheduled:

| | | |
|---|---|---|
| 6 Round Trips to Federal Courthouse | 228 miles * .50 per mile = | $114.00 |
| Postage to Notice out Motion to Vacate | | $52.00 |
| Copies for Creditor's Notice of Motion to Vacate | 480 @.25 per page = | $120 |
| Mileage to consult with Graham Jennings | 66.7 miles @ .50 per mile = | $33.35 |
| Pacer System Charges | | $27.02 |

$346.47  Total

16. Pursuant to 11 U.S.C. Section 329, if compensation paid to an attorney exceeds the reasonable value of such services, the Court may cancel any such agreement or order the return of such payment to the extent that such fees to the Debtor, the party which made the payment. Furthermore, pursuant to 11 U.S.C. Section 327 and11 U.S.C. Section 330, any fees charged by or paid to counsel must be reasonable a must constitute compensation for services which are beneficial to the debtor, creditors or the estate. In this case, Debtor paid and Krumbein & Associates, PLLC received a pre-petition retainer of $2104.00 in addition to the filing fee of $306, Credit Report fee of $30, and Credit Counseling fee of $24 for a total fee of $2,500.00. These fees are not reasonable for the service provided and did not benefit the debtor, creditors or the estate.

17. Based upon the facts and circumstances of case and the serious breach of both the Rules of The Virginia Supreme Court and local bankruptcy rules by debtors' counsel, the compensation paid to debtors' counsel exceeds reasonable value of such services and, as a result, the Debtor contends that such fees should be disgorged to the Debtor. Furthermore, this Court has the authority to order the return of such payment pursuant to 11 U.S.C. Section 329.

18. 11 U.S.C. Section 105 gives this Court authority to enter such Orders as may be necessary to avoid an abuse of the bankruptcy process. In this case, permitting Krumbein & Associates, PLLC to retain the funds previously paid to them in the amount of $2,500.00 would constitute an abuse of both the letter and the spirit of the United States Bankruptcy Code and would in effect condone breach of local rules by debtors' counsel.

**WHEREFORE,** the Debtor prays that this Honorable Court compel Charles Krumbein of Krumbein & Associates, PLLC to disgorge and refund the sum of $2,104.00 plus $346.47 in costs forthwith to the Debtor, and grant any further and other relief as this Court deems equitable and just.

DATED: January 2, 2013

            Respectfully submitted,

            John William Wagstaff, III
            Self-Represented

Certificate of Service: I, John William Wagstaff, III, hereby certify a true and correct copy of the above and foregoing document was electronically and/or mailed served on this ___2nd___ day of January, 2013 to :

Robert Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Keith L. Philips
311 South Boulevard, 2nd Floor
Richmond, VA 23220

Charles Krumbein
Krumbein & Associates, PLLC
1650 Willow Lawn Drive
Suite 300
Richmond, VA 23230

John William Wagstaff, III

_____
Typed Name or Signature