Charles H Krumbein VA Bar Number 01234

Krumbein & Associates, PLLC

1650 Willow Lawn Drive  Richmond, VA 23230

804 673 4358 Fax: 804 592 3538

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF VIRGINIA

## RICHMOND DIVISION

IN RE:                                                              Chapter 7

John Wagstaff                                      Case Number 12-34422

### Response to Motion to Disgorge Attorney's Fees

Now comes Counsel herein and respondent and responds to Debtor John Wagstaff's motion to disgorge attorney's fees.  For his response Counsel states as follows:

1. The attached time sheet indicates that counsel has spent considerable time and effort on Debtor's case.  Much of the time was required because debtor did not understand or would not cooperate with the required process.

2. This debtor agreed to a fixed fee for a mostly standard chapter 7 consumer bankruptcy.  While he had a small business that failed financially when the State Fair of Virginia went through its own bankruptcy it is non the less a consumer bankruptcy.

3. The debtor and counsel agreed on a fixed fee of $2500 minus the fees the attorney paid on behalf of the debtor.  Counsel paid as follows:

| | |
|---|---|
| Credit report fee | $30 |
| Credit Counsel Fee | $$36 |
| USBC filing fee | $306 |
| Financial Management fee | $24 |
| Total Fees | $396 |

Accordingly Counsel has received              $2104 in attorney's fees

Counsel does not request any further fees from Mr. Wagstaff.  This was a "no look" fixed and unless the Court determines otherwise Counsel will honor this contract.

4.        The time sheet indicates that Counsel and his paralegal have spent approximately 27 hours and 19 hours respectively assisting Mr. Wagstaff.  Much of this work was done without the direct observation of Mr. Wagstaff. <u>Exhibit A time sheet</u>

5.        Counsel charges $250 pre hour.  Counsel was RIchmond's only certified consumer bankruptcy attorney from December 1999 to December 2005.  Counsel herein has been attorney of record in over 7000 consumer bankruptcy's and other bankruptcy matters.

6.        Counsel's paralegal Paula Lutzky is a CPA and an experienced paralegal in the art and science of manipulating the Best Case computer-filing program.  Counsel charges $90 per hour for her time.  Four hours of her time is listed at $130 per hour because the debtor herein requested that the paralegal work late after "normal business hours".

7.        Counsel adviser the debtor on a variety of non-bankruptcy matters; including child support, alimony and business matters regarding his craft show business.

8.        The greatest misunderstanding occurred regarding the November 20, 2012 continued 341 hearing.  The debtor's 341 is almost concluded as of January 14, 2013.  At that hearing the debtor and counsel appeared.  The trustee Keith Phillips asked the standard questions and reviewed the documents in the file.  No documents were added after October 29, 2012.  These very same documents were available on November 20, 2012.  This is the date the Debtor exercised his right to not allow substitution of counsel thus creating an unnecessary crisis in the process. The trustee responded by dismissing the case.

9.        The remaining activity is for the Debtor to produce for the trustee to review an original Social Security Card.  This requirement was given to the Debtor by Paula Lutzky in July, Counsel in conversation in August, By Keith Phillips at the 341 September 4, and October 2, 2012 all to no avail.  The Debtor appeared on January 14, 2013 and yet again failed to bring the required exhibit, an original Social Security card.

10.         Counsel was not available on November 20, 2012.  This case should have been considered by the Trustee Keith Phillips on October 29, 2012, but Hurricane Sandy preparations caused the courts to close that day and necessitate an additional rescheduling of Mr. Wagstaff's 341 to November 20, 2012.

11.         On that day Counsel was on a long scheduled and paid for vacation trip to Chile.  Counsel was over 7000 miles away.  Counsel considered requesting a continued 341, counsel was mistaken in believing that this debtor wanted this process to end promptly. To that end Counsel arranged for substitute counsel Jason Krumbein to attend the continued 341on November 20, 2012.

12.         The debtor responded to this opportunity with 20 abusive emails, including one in which he wrote "I hope your health insurance is up to date".  Jason Krumbein took this as a personal threat.  The debtor chose as was his right to not allow substitution of counsel and created his own crisis.

13.         Thereafter the Debtor abused Counsel in 10 emails.  While the Debtor knew Counsel was in Chile 7000 miles away he demanded a full and immediate refund, the file returned and no copies kept.  The debtor fired Counsel.

14.         This meant Counsel was constrained from taking any action to move to vacate the dismissal of Debtor's case.

15.         No need Debtor filed the Motion to vacate.

16.         Surprisingly after all the vile and abusive emails Debtor told this Court on December 14, 2012 that he objected to Counsel withdrawing in this case.

17.         Counsel has done every thing he was able to assist Mr. Wagstaff.  It was Mr. Wagstaff who made this more time consuming and unpleasant.

18.         Counsel does not ask for or expect to receive additional fees in the matter. The time sheet is include to inform the debtor and the court.

Accordingly, Counsel herein prays that this court overrule the Debtor's vengeful and abusive motion to disgorge.


Date: January 16, 2013


                              /S/Charles H Krumbein

                              Charles H Krumbein, Esq

Charles H Krumbein VA Bar Number 01234

Krumbein & Associates, PLLC

1650 Willow Lawn Drive  Richmond, VA 23230

804 673 4358 Fax: 804 592 3538

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16 th of January 2013, a copy of the foregoing was either electronically transmitted and/or mailed by regular mail, postage prepaid to all necessary parties (see service list below):

/S/<u>Charles H Krumbein</u>

Charles H Krumbein, Esq

2